TODD A. HANCHETT, OSB No. 992787
todd.hanchett@stoel.com
KAREN L. O'CONNOR, OSB No. 953710
karen.oconnor@stoel.com
RYAN S. KUNKEL, OSB No. 154671
ryan.kunkel@stoel.com
HANNAH J. LACHANCE, OSB No. 244296
hannah.lachance@stoel.com
STOEL RIVES LLP
760 SW Ninth Avenue, Suite 3000
Portland, OR 97205
Telephone: 503.224.3380
Facsimile: 503.220.2480

*Attorneys for Defendant*

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

MEDFORD DIVISION

| | |
|---|---|
| JUNIPER ARTHURS and LYNNESA GILBERT,<br><br>Plaintiff,<br><br>v.<br><br>ASANTE,<br><br>Defendant. | Case No.: 3:26-cv-00915-CL<br><br>**ANSWER AND AFFIRMATIVE DEFENSES** |

Defendant Asante ("Asante" or "Defendant") hereby responds to Plaintiff Juniper Arthurs' ("Arthurs" or "Plaintiff") First Amended Class Action Complaint as follows:

**SUMMARY STATEMENT**

1.

Paragraph 1 is an introductory paragraph to which no response is required. To the extent Paragraph 1 purports to allege facts, Defendant denies them.

## PARTIES

2.

Defendant admits that as of the date this Answer and Affirmative Defenses is being filed, Arthurs is a current employee. Defendant lacks knowledge or information sufficient to form a belief as to the other allegations in Paragraph 2 and therefore denies them.

3.

Defendant admits Gilbert was an employee in different capacities for various periods of time between March 2015 and June 2024. Defendant lacks knowledge or information sufficient to form a belief as to the other allegations in Paragraph 3.

4.

Defendant admits the allegations in Paragraph 4.

## CLASS ALLEGATIONS

5.

Paragraph 5 is an introductory paragraph to which no response is required. To the extent Paragraph 5 purports to allege facts, Defendant denies them.

6.

Paragraph 6 sets forth legal conclusions to which no response is required. To the extent Paragraph 6 purports to allege facts, Defendant denies them.

7.

Paragraph 7 sets forth legal conclusions to which no response is required. To the extent Paragraph 7 purports to allege facts, Defendant denies them

8.

Paragraph 8 sets forth legal conclusions to which no response is required. To the extent Paragraph 8 purports to allege facts, Defendant denies them

9.

Paragraph 9 sets forth legal conclusions to which no response is required. To the extent Paragraph 9 purports to allege facts, Defendant denies them

10.

Paragraph 10 sets forth legal conclusions to which no response is required. To the extent Paragraph 10 purports to allege facts, Defendant denies them

11.

Paragraph 11 sets forth legal conclusions to which no response is required. To the extent Paragraph 11 purports to allege facts, Defendant denies them

**FACTS COMMON TO ALL CLAIMS**

12.

Defendant admits that it employs timekeeping software which has, at various times, implemented rounding. Except as expressly admitted, Defendant denies the allegations in Paragraph 12.

13.

Defendant denies the allegations in Paragraph 13.

14.

Defendant states that some employees are subject to a Collective Bargaining Agreement which contains provisions regarding overtime and shift differentials, which speak for themselves. Except as expressly admitted, Defendant denies the allegations in Paragraph 14.

15.

Defendant denies the allegations in Paragraph 15.

/ / /

/ / /

16.

Defendant states that some employees are subject to a Collective Bargaining Agreement which contains provisions regarding overtime and shift differentials, which speak for themselves. Except as expressly admitted, Defendant denies the allegations in Paragraph 16.

17.

Defendant denies the allegations in Paragraph 17.

18.

Defendant denies the allegations in Paragraph 18.

19.

Defendant denies the allegations in Paragraph 19.

20.

Defendant denies the allegations in Paragraph 20.

**FIRST CLAIM FOR RELIEF**

**Equitable Accounting of Wages**

21.

Responding to Paragraph 21, which re-alleges and incorporates prior paragraphs, Defendant denies, admits and otherwise responds as set forth in response to those prior paragraphs.

22.

Paragraph 22 sets forth a legal conclusion to which no response is required. To the extent Paragraph 22 purports to allege facts, Defendant denies them.

23.

Defendant denies the allegations in Paragraph 23.

24.

Defendant denies the allegations in Paragraph 24.

25.

Defendant denies the allegations in Paragraph 25.

**SECOND CLAIM FOR RELIEF**

**ORS 652.120—Failure to Pay All Wages at Regular Paydays**

26.

Responding to Paragraph 26, which re-alleges and incorporates prior paragraphs, Defendant denies, admits and otherwise responds as set forth in response to those prior paragraphs.

27.

Paragraph 27 sets forth a legal conclusion to which no response is required. To the extent Paragraph 27 purports to allege facts, Defendant denies them.

28.

Defendant denies the allegations in Paragraph 28.

29.

Defendant denies the allegations in Paragraph 29.

30.

Defendant denies the allegations in Paragraph 30.

31.

Defendant denies the allegations in Paragraph 31.

32.

Defendant denies the allegations in Paragraph 32.

**THIRD CLAIM FOR RELIEF**

**ORS 652.140 & ORS 652.150—Failure to Pay All Wages at Termination**

33.

Responding to Paragraph 21, which re-alleges and incorporates prior paragraphs, Defendant denies, admits and otherwise responds as set forth in response to those prior paragraphs.

34.

Defendant denies the allegations in Paragraph 34.

35.

Defendant denies the allegations in Paragraph 35.

36.

Defendant denies the allegations in Paragraph 36.

37.

**FOURTH CLAIM FOR RELIEF**

**ORS 652.610 & ORS 652.615—Withholding Wages Without Authorization**

38.

Responding to Paragraph 21, which re-alleges and incorporates prior paragraphs, Defendant denies, admits and otherwise responds as set forth in response to those prior paragraphs.

39.

Paragraph 39 sets forth legal conclusions to which no response is required. To the extent Paragraph 39 purports to allege facts, Defendant denies them.

40.

Defendant denies the allegations in Paragraph 40.

41.

Defendant denies the allegations in Paragraph 41.

42.

Defendant denies the allegations in Paragraph 42.

43.

Defendant denies the allegations in Paragraph 43.

**RESERVATION TO AMEND**

44.

No response is required to Paragraph 44; to the extent a response is required, Defendant denies Paragraph 44.

**REQUEST FOR JURY TRIAL**

45.

No response is required to Paragraph 44; to the extent a response is required, Defendant denies Paragraph 44.

**AFFIRMATIVE DEFENSES**

Without assuming Plaintiffs' burden of proof on any issue, Defendant asserts the following affirmative defenses:

**FIRST AFFIRMATIVE DEFENSE**
**(Failure to State a Claim)**

46.

Plaintiffs fail to state a claim upon which relief can be granted.

/ / /

/ / /

/ / /

/ / /

**SECOND AFFIRATIVE DEFENSE**
**(Failure to Mitigate)**

47.

Without conceding that Plaintiffs have suffered any damages, Plaintiffs have failed to mitigate their damages in whole or in part.

**THIRD AFFIRMATIVE DEFENSE**
**(Pre-emption)**

48.

Some or all of Plaintiffs' claims are pre-empted by applicable federal law.

**FOURTH AFFIRMATIVE DEFENSE**
**(Statute of Limitations and Failure to Exhaust Administrative Remedies)**

49.

Plaintiffs' claims are barred, in whole or in part, by the applicable statutes of limitations or because Plaintiffs' did not exhaust their administrative remedies.

**FIFTH AFFIRMATIVE DEFENSE**
**(Good Faith; Not Willful)**

50.

Any alleged damages, including punitive damages, are inappropriate or barred because Defendant made good-faith efforts to comply with applicable law. Any alleged statutory violations were not willful.

**SIXTH AFFIRMATIVE DEFENSE**
**(Compliance with Applicable Law)**

51.

Plaintiffs' claims are barred, in whole or in part, because Defendant acted in compliance with all laws, governing regulations, contractual obligations, and industry standards in effect at all relevant times.

**SEVENTH AFFIRMATIVE DEFENSE**
**(Unclean Hands)**

52.

Plaintiffs' claims for relief are barred by unclean hands.

**EIGHTH AFFIRMATIVE DEFENSE**
**(Reservation of Additional Defenses)**

53.

Defendant expressly reserves the right to assert additional affirmative defenses at such time and to such extent as warranted by discovery and the factual developments in this case.

**PRAYER FOR RELIEF**

WHEREFORE, on Plaintiffs' claims for relief, Defendant prays for judgment as follows:

1. Dismissing all of Plaintiffs' claims with prejudice;

2. Awarding Defendant its costs, disbursements, and attorneys' fees in defending this action, including Plaintiffs' claims and allegations that were not made in good faith; and

3. For such other and further relief as the Court may deem just and equitable

DATED: May 13, 2026.

STOEL RIVES LLP

/s/ *Hannah J. LaChance*
TODD A. HANCHETT, OSB No. 992787
todd.hanchett@stoel.com
KAREN L. O'CONNOR, OSB No. 953710
karen.oconnor@stoel.com
RYAN S. KUNKEL, OSB No. 154671
ryan.kunkel@stoel.com
HANNAH J. LACHANCE, OSB No. 244296
hannah.lachance@stoel.com

*Attorneys for Defendant*